

**FILED**

June 23, 2021
ST-2015-CV-00056
**TAMARA CHARLES
CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

BANCO POPULAR de PUERTO RICO, )
            ) **CASE NO.: ST-2015-CV-00056**
      **Plaintiff,**  )
            ) **ACTION FOR DEBT AND**
  **v.**         ) **FORECLOSURE OF MORTGAGE**
            )
**JOHN H. PANZER, DENNIS B. PIERSON,** )
**TRACEY STILL, and AZIYZA A-R SHABAZZ** )
**a/k/a AZIYZA SHABAZZ,**      )
            )
      **Defendants.**    )

Cite as: 2021 VI Super 65U

## MEMORANDUM OPINION AND ORDER

**¶1**   **THIS MATTER** is before the Court on:

1. Motion Of Crossclaim Defendants Dennis Pierson & Tracey Still For Summary Judgment Re: Crossclaim and Memorandum Of Law In Support Of Motion Of Crossclaim Defendant Tracey Still For Summary Judgment Re: Crossclaim (collectively, "Motion For Summary Judgment"), filed April 25, 2018;

2. Opposition to Dennis B. Pierson and Tracey Still's Motion for Summary Judgment ("Opposition"), filed June 20, 2018; and

3. Reply Of Dennis Pierson And Tracey Still To John Panzer's Opposition To Their Motion For Summary Judgment, filed July 17, 2018.

**¶2**   Liberally construing the crossclaim as one for fraud or fraudulent misrepresentation, the Court will deny Defendants Dennis Pierson and Tracey Still's Motion For Summary Judgment as there exist genuine issues of material fact.

## I.   INTRODUCTION

**¶3**   This case arises out of a failure to pay a mortgage note secured by real property on St. John.[1] On February 3, 2015, Plaintiff Banco Popular de Puerto Rico ("Banco Popular") filed its Complaint against Defendants John H. Panzer ("Panzer"), Dennis B. Pierson ("Pierson"), Tracey Still ("Still"), and Aziyza A-R Shabazz. On April 28, 2015, Panzer, *pro se*,[2] filed his Answer,

---

[1] The property is described as: "Parcel No. 1-CA Estate Bethany, No. 6 Cruz Bay Quarter, St. John, U.S. Virgin Islands, as shown on PWD Map No. F9-4077-T81." Panzer Opp'n 1.

[2] The Court will liberally construe Panzer's Answer as he was appearing *pro se. See, Carrillo v. CitiMortgage, Inc.,*

*Banco Popular de Puerto Rico v. John H. Panzer, et al.*
Case No. ST-2015-CV-00056
Memorandum Opinion and Order
Page 2 of 9

2021 VI Super 65U

Affirmative Defenses, Counterclaim And Cross-Claim Of Defendant, John H. Panzer ("Answer"). Panzer alleges Pierson wrongfully added his personal debts to the loan amount and demands judgment against Pierson and Still in the amount of $112,500.00, less any principal or interest paid prior to June 2013, as well as forfeiture of their 40% interest in the property.

¶4     Citing to their affidavits and the Statement of Undisputed Facts submitted along with the Motion For Summary Judgment, Still and Pierson assert that Still was not a party to the deal: she acquired no interest in the property, received no loan proceeds, paid off no debts, and did not participate in the loan process except at closing, where she was required to sign the application as the spouse of Pierson, because the property was subject to potential homestead claims.[3] Pierson avers that his agreement with Panzer called for Pierson to refinance the property in order to help Panzer, whose mortgage payments were allegedly in arrears, in exchange for 40% interest in the real estate.[4] Pierson asserts that he did inform Panzer of the refinancing requirement that he extinguish preexisting personal debts; even though he did disclose this he had no duty to; Panzer was accompanied by an attorney during the loan signing; and all the requirements for the loan were presented to Panzer at the signing.[5]

¶5     Still and Pierson point out that Panzer authorized a loan amount up to $450,000.00, but the actual amount of the loan was $412,500.00 ($37,500.00 less than the maximum).[6] Pierson and Still argue that there are no genuine issues of material fact; Panzer did not state a claim upon which relief can be granted; even if he did he would be barred by the doctrines of waiver and estoppel; and that liberally construing Panzer's crossclaim as a tort, he would be barred by the two-year statute of limitations or in equity by laches.[7]

¶6     In his Opposition, Panzer, now represented by counsel,[8] disputes that Still was not involved, stating that she signed the document so she was facially involved.[9] Panzer disagrees that Pierson *needed* to extinguish debts as a precondition of the loan because Pierson could have chosen another bank that does not require extinguishment.[10] Panzer also "disagrees [with] Pierson's claim that he paid back the amount of funds that was attributed to extinguishing the debts" and states most of the payments went to interest not principal.[11]

¶7     Panzer also states that Pierson told him "he could repay all the money (inclusive of the funds in excess . . . and funds that covered Pierson and Still's personal debts) or Panzer will lose his 60% interest in the house."[12] Panzer argues that a dismissal for failure to state a claim is only

---

63 V.I. 670, 679 (V.I. 2015) (quoting *Etienne v. Etienne*, 56 V.I. 686, 691 n.5 (V.I. 2012)); *Donovan v. Virgin Islands*, Super. Ct. Case No. ST-12-CV-547, 2013 V.I. LEXIS 21, at *7 (V.I. Super. Ct. Mar. 25, 2013).
[3] Pierson & Still Mot. For Summ. J. 1-2.
[4] Pierson & Still Mot. For Summ. J. 1.
[5] Pierson & Still Mot. For Summ. J. 2.
[6] Pierson & Still Mot. For Summ. J. 3.
[7] Pierson & Still Mot. For Summ. J. 4-9.
[8] A Notice of Appearance was filed May 15, 2018.
[9] Panzer Opp'n 1.
[10] Panzer Opp'n 2.
[11] Panzer Opp'n 2.
[12] Panzer Opp'n 3.

properly before the Court on a motion to dismiss before the first responsive pleading, not summary judgment, and that Pierson and Still did not raise it before the first responsive pleading, which would have given Panzer a chance to amend his crossclaim.[13] Panzer alleges that his original claim that Pierson and Still improperly added personal debts to a mortgage without telling him, had him execute the mortgage using his property, then failed to pay to keep up payments, is sufficient to put Pierson and Still on notice for a claim of fraud.[14]

¶8    Panzer writes that "[a]t trial Panzer will testify that Pierson and Still represented that they were only taking a mortgage out to purchase an interest in the Property and that they would pay the mortgage" and that a reasonable juror could find fraud, or at least that Pierson and Still breached their obligation to Panzer to protect his collateral.[15] Panzer asserts the doctrines of waiver and estoppel do not apply because they are affirmative defenses that must be raised in the first responsive pleading, which was not the case here.[16] He also states that waiver and estoppel do not apply here because "Panzer is not arguing that he did not sign the mortgage. He is arguing that Pierson and Still committed a fraud when they convinced him that they were only mortgaging the property to pay for the purchase of the interest in the property."[17]

¶9    Citing to *Rennie v. Hess Oil Virgin Islands Corp.,*[18] Panzer argues that a statute of limitations defense must be raised in the first responsive pleading or else is waived and that it is not grounds for summary judgment. Panzer also argues that even if the statute of limitations did apply, Pierson stopped paying June 9, 2013, and the suit was filed by April 27, 2015 – within the two (2) years the alleged breach came to light and thus within the statute of limitations. Likewise, laches is also an affirmative defense that must be raised in the first pleading, and Panzer was not dilatory in his claim but rather filed his crossclaim timely along with his Answer upon notice of the breach.[19]

¶10    In their Reply, Pierson and Still dispute Still's involvement in the loan process and the claim that any funds went to her personal debts.[20] They point out that the Opposition does not cite any part of the record to show that the personal debts were Still's. They also point out that, like Panzer, Still never signed the promissory note, so she is not a debtor in this case – all the debts were Pierson's.[21] Pierson and Still also argue that Panzer has not pled fraud with particularity and has not sought an amendment to his crossclaim.[22]

¶11    Pierson and Still state that it is disingenuous of Panzer to now claim that he did not know that the loan would use the entire house as collateral as "it is undisputed that Mr. Panzer attended

---

[13] Panzer Opp'n 4.
[14] Panzer Opp'n 4-5.
[15] Panzer Opp'n 5.
[16] Panzer Opp'n 6.
[17] Panzer Opp'n 6.
[18] S. Ct. Civ. No. 2014–0028, 2015 WL 525941, at *3 (V.I. Feb. 6, 2015) ("[I]t is well established that the statute of limitations is an affirmative defense that must be specifically pleaded at the first opportunity or else is waived.").
[19] Panzer Opp'n 7.
[20] Pierson & Still Reply 1-2.
[21] Pierson & Still Reply 2.
[22] Pierson & Still Reply 3.

the closing, was represented by Attorney Kathryn J. Depree at the closing, was presented with the mortgage at the closing, had an opportunity to read it before signing it, and did in fact sign it at the closing."[23] Lastly, Pierson and Still request that "[t]o the extent that Mr. Panzer invokes the general equity jurisdiction of the court," they be permitted the equity defenses of waiver and estoppel although not pled as affirmative defenses.[24]

## II.   LEGAL STANDARD

¶12    On April 3, 2017, the Supreme Court of the Virgin Islands adopted the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017.[25] Pursuant to V.I. R. CIV. P. 1—1(c)(2)(B), the new procedural rules govern proceedings in any action commenced or still pending after March 31, 2017, unless the Court finds that doing so "would be infeasible or would work an injustice."[26] Virgin Islands Rule of Civil Procedure 8(c)(1) states "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: . . . estoppel; . . . laches; . . . statute of limitations; waiver . . . ."[27]

¶13    Further, "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."[28] A party may by motion move to dismiss for "failure to state a claim upon which relief can be granted" but such a motion "must be made before pleading if a responsive pleading is allowed."[29] Rule 12(e) allows for a party to file a motion for a more definite statement if a pleading is vague or ambiguous.[30] Rule 8(e) states that "[p]leadings must be construed so as to do justice."[31] As the Supreme Court of the Virgin Islands stated in *Mills-Williams v. Mapp*,[32] the Virgin Islands remains a notice-pleading jurisdiction.[33]

### A.  Summary Judgment

¶14    Summary Judgment is governed by Rule 56 of the Virgin Islands Rules of Civil Procedure, which states:

---

[23] Pierson & Still Reply 3.

[24] Pierson & Still Reply 4.

[25] *See, In re: Adoption of the VI Rules of Civil Procedure*, Promulgation No. 2017–001, 2017 WL 1293844, 2017 V.I. Supreme LEXIS 22 (V.I. Apr. 3, 2017).

[26] V.I. R. CIV. P. 1-1(c)(2)(B).

[27] V.I. R. CIV. P. 8(c)(1).

[28] V.I. R. CIV. P. 12(b).

[29] V.I. R. CIV. P. 12(b)(6).

[30] V.I. R. CIV. P. 12(b)(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.").

[31] V.I. R. CIV. P. 8(e).

[32] 67 V.I. 574 (V.I. 2017).

[33] *Id.* at n.6 ("Because this Court was certainly aware of its prior precedents applying the plausibility standard, yet nevertheless chose to adopt a rule of civil procedure that expressly and unambiguously eliminated the plausibility standard, any precedents of this Court construing the former rule must prospectively yield to the plain language of the new rule to the extent the new rule differs from the old rule.").

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.[34]

¶15    Or, as the Virgin Islands Supreme Court stated in *Antilles School, Inc. v. Lembach*,[35] summary judgment is appropriate when after "considering all of the evidence, accepting the nonmoving party's evidence as true, and drawing all reasonable inferences in favor of the nonmoving party, the court concludes that a reasonable jury could only enter judgment in favor of the moving party."[36]

¶16    Summary judgment is a "drastic remedy" and only proper where "the pleadings, the discovery and disclosure materials on file . . . show that there is no genuine issue as to material fact[.]"[37] The nonmoving party must show in its response to a motion for summary judgment that there are "specific facts showing a genuine issue for trial."[38] In addition, "[t]he non-moving party may not rest upon mere allegations but must present actual evidence showing a genuine issue for trial. Such evidence may be direct or circumstantial, but the mere possibility that something occurred in a particular way is not enough[.]"[39] For a nonmoving party to show some genuine issue of material fact for trial, "'the nonmoving party may not rest on its allegations alone, but must present actual evidence, amounting to more than a scintilla,' in support of its position."[40]

¶17    Further, "[i]f the non-movant offers evidence that is 'merely colorable' or not 'significantly probative,' summary judgment may be granted."[41] Also, the "Court may not itself weigh the evidence and determine the truth; rather, we decide only whether there is a genuine issue for trial such that a reasonable jury could return a verdict for the non-moving party."[42] Finally, "trial courts should act with caution in granting summary judgment."[43] One potential reason for additional caution is where there is complex litigation at hand or a *pro se* defendant.[44]

---

[34] V.I. R. Civ. P. 56(a).

[35] 64 V.I. 400 (V.I. 2016).

[36] *Id.* at 409.

[37] *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 228 (V.I. 2013) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)).

[38] *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008) (quoting FED. R. CIV. P. 56(e)).

[39] *Id.* at 229 (quoting *Williams*, 50 V.I. at 194-95).

[40] *Anderson v. American Fed'n of Teachers*, 67 V.I. 777, 789 (V.I. 2017) (quoting *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 527-28 (V.I. 2012)).

[41] *Pemberton Sales & Serv. v. Banco Popular de P.R.*, 877 F. Supp. 961, 965 (D.V.I. 1994).

[42] *Williams*, 50 V.I. at 195 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

[43] *Marsh-Monsanto v. Clarenbach*, 66 V.I. 366, 395 (V.I. 2017) (Swan, J., dissenting) (citing *Sealey-Christian v. Sunny Isle Shopping Center, Inc.*, 52 V.I. 410, 419 (V.I. 2009)).

[44] *Id.* at 392-97 (Swan, J., dissenting) (considering the complexity of the litigation and the defendant's *pro se* status and inexperience before discussing summary judgment).

### B. Fraud & Fraudulent Misrepresentation

¶18    Given that: (1) Panzer did not allege a specific cause of action in his *pro se* crossclaim; (2) his counsel's Opposition characterizes the claim as one for fraud; and (3) the similarities between fraud and fraudulent misrepresentation, the Court finds that Panzer's crossclaim more closely aligns with a cause of action for either fraud or fraudulent misrepresentation. The Court will analyze the claim as such below. Accordingly, the elements of fraud and fraudulent misrepresentation are set forth here.

¶19    This Court conducted a *Banks* analysis in *Merchants Commercial Bank v. Oceanside Village, Inc.*[45] and established that the soundest rule for fraudulent misrepresentation is:

> One who makes a misrepresentation of fact, opinion, intention, or law that he or she either knew or had reason to know was false, and that was made for the purpose of inducing another to act or refrain from acting on it, is subject to liability to the other for pecuniary loss caused by the other's justifiable reliance on the misrepresentation.[46]

¶20    The Court adopts the rationale presented in *Merchants*. The elements of fraudulent misrepresentation are largely the same as the elements of fraud.[47] The Virgin Islands Rule of Civil Procedure 9(b) states that when alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[48] Thus, there is a particularity requirement that one plead "matters such as the time, place, and content of the false misrepresentations, the misrepresented fact, and what the opponent retained or the claimant lost as a consequence of the alleged fraud."[49]

### III.    ANALYSIS

¶21    The Court will not grant summary judgment because Pierson and Still failed to prove that there is no dispute as to any material fact with respect to Panzer's crossclaim.

### A. Pierson and Still waived their affirmative defenses; Panzer's claim can be construed as an action for fraud or fraudulent misrepresentation

¶22    Before the court Can proceed, it must determine what cause of action, if any, Panzer pled in his Answer. In his Answer, Panzer, *pro se*, asserts that:

---

[45] 64 V.I. 3 (V.I. Super. Ct. 2015).
[46] *Id.* at 21-22.
[47] *Id.* at *13-14 (quoting *Isaac v. Crichlow*, 63 V.I. 38, 57 (V.I. Super. Ct. 2015)).
[48] V.I. R. Civ. P. 9(b).
[49] *Id.* at *14 (quoting *Antoine v. U.S. Bank Nat'l Ass'n*, 547 F. Supp. 2d 30, 35-36 (D.D.C. 2008)).

1. Defendant repeats admissions of allegations as set forth in paragraphs 1, 4, 6, 8, 10, and 11.
2. Defendants Pierson and Still knowingly added $112,500.00 to the mortgage to pay personal debts and obligations without Defendant Panzer's knowledge or consent.
3. Defendants Pierson and Still demanded that Defendant Panzer assume responsibility for the repayment of the balance remaining of the mortgage including the amount used to repay their personal debts and obligations. When Defendant Panzer refused to do so Defendants Pierson and Still attempted to extort Defendant Panzer by threatening to force the Property into foreclosure.
4. Defendant, Panzer has paid $36,800 to Banco Popular to cover the mortgage owed by Defendant's Pierson and Still. [sic][50]

¶23     Panzer also asserted ten (10) affirmative defenses in his Answer. Pierson and Still, through counsel, responded to Panzer's crossclaim by stating that they "deny all allegations set forth in Panzer's Cross Claim either because Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity or because said allegations constitute conclusions of law to which no response is required or because said allegations are in fact false."[51] They assert no other defenses, affirmative or otherwise. While Pierson and Still argue that Panzer failed to make a claim for which relief can be granted, they asserted this defense in their Motion For Summary Judgment, long after a first response to the pleading was required, and it is therefore waived. Accordingly, their affirmative defenses of waiver, estoppel, laches, and the statute of limitations are also waived.

¶24     Pierson and Still, in arguing their defense of the statute of limitations, characterize the crossclaim as one sounding in tort. Panzer later hired counsel, who in the Opposition to the instant Motion For Summary Judgment, construed the crossclaim as one for fraud. Panzer states that Pierson and Still knowingly misrepresented what a portion of the mortgage money was going to be used for, and that as a result of Pierson and Still's nonpayment of the mortgage after this money was utilized, Panzer now faces foreclosure on his property. A reasonable person could deduce that Panzer was alleging that Pierson and Still made a misrepresentation of fact that he relied on and he suffered pecuniary loss because of it.

¶25     While Pierson and Still argue that Panzer has not pled fraud with particularity or amended his Answer to plead fraud more clearly, Pierson and Still did not timely file a motion to dismiss for failure to state a claim and a Motion For Summary Judgment cannot substitute as one. Pierson and Still argue that it is unclear what cause of action Panzer is alleging, but they did not file a Motion For A More Definite Statement either. Additionally, Panzer incorporates paragraph 6 of his Answer in his crossclaim, which admits the allegations of paragraph 6 of the Complaint. Paragraph 6 of the Complaint states: "On July 1, 2009, Pierson executed and delivered to Banco Popular a Note in which he promised to pay the principal amount of Four Hundred Twelve

---

[50] Panzer Answer 5-6.
[51] Pierson & Still Answer To Crossclaim 1.

Thousand Five Hundred Dollars ($412,500.00)[.]"[52] He also states that Pierson and Still knowingly added money to this mortgage to satisfy unrelated debts and purportedly did not tell Panzer, and then left him on the hook for the loan amount or conversely he would lose his property. While not a model of particularity, Panzer's pleading is sufficient to put a defendant on notice of some claim against them and his pleading provides generally the time, the misrepresentation, a general allegation of knowledge, and what Pierson gained and what Panzer lost by the alleged misrepresentation.

¶26    "Pleadings must be construed so as to do justice."[53] Further, the Court is mindful that Panzer initially appeared in this case *pro se*. Filings by *pro se* litigants should be liberally construed. In the instant case, the Court finds that granting summary judgment on the procedural basis of an inartful pleading by a *pro se* litigant would not do justice and, for the purposes of this Memorandum Opinion only, the Court construes the crossclaim as a claim of fraud or fraudulent misrepresentation.

### B.  Genuine issues of material fact

¶27    The parties dispute the extent to which Still was involved with the loan process. Panzer points out that Still signed the loan document while Pierson and Still argue this was merely a formality because of her potential homestead interest. Which party a Court must rule against is a material issue.[54] Viewing this in the light most favorable to the nonmoving party, there is a genuine issue of material fact here. Panzer disputes that most of the funds Pierson paid went to the amount to extinguish his debts, as Panzer argues that most of the money went to paying interest on the loan. Panzer argues that Pierson still owes $43,037.91 towards his personal debts. Because Panzer is arguing that the "fraud" or "fraudulent misrepresentation" was adding Pierson's personal debt to the mortgage loan, this fact is material as it goes to what extent Panzer may have suffered a pecuniary loss.

¶28    Further, Panzer alleges he was not informed about the requirement that Pierson eliminate personal debts and offers to testify to this. Meanwhile Pierson and Still assert that Panzer was informed of this requirement and, in the alternative, appear to be arguing Panzer should be charged with constructive notice of the debt requirement as he was present at the signing and represented by counsel. However, more information surrounding the signing has not been provided, and numerous factors could sway a jury one way or the other as to whether it is appropriate to charge Panzer with actual or constructive notice. As the intention and knowledge of the parties are essential to a claim of fraud or fraudulent misrepresentation, these are issues of material fact. As there exist several genuine disputes as to material fact, summary judgment on this crossclaim will not be granted in favor of either party.

---

[52] Pl.'s Compl. 2.
[53] V.I. R. Civ. P. 8(e).
[54] *Urh v. Buffo*, Super. Ct. Case No. ST–2015–CV–0000315, 2018 WL 1020673, at *5 (V.I. Super. Ct. Feb. 20, 2018) ("When entering summary judgment, the Court needs to know not only for whom it should enter summary judgment but also against whom it should enter summary judgment.").

*Banco Popular de Puerto Rico v. John H. Panzer, et al.*
Case No. ST-2015-CV-00056
Memorandum Opinion and Order
Page 9 of 9

2021 VI Super 65U

### IV.  CONCLUSION

¶29  On April 28, 2015, Panzer, *pro se*, filed his Answer to Plaintiff Banco Popular's Complaint which included, *inter alia*, a crossclaim against his co-Defendants. On April 25, 2018, Defendants Pierson and Still filed a Motion For Summary Judgment on the crossclaim. For purposes of this Memorandum Opinion, the Court construes Panzer's *pro se* crossclaim as a claim of fraud or fraudulent misrepresentation. In viewing the evidence in a light most favorable to the nonmoving party, the Court finds there exists genuine issues of material fact. The Court will therefore deny the Motion For Summary Judgment.

¶30  Accordingly, it is

ORDERED that the Motion Of Crossclaim Defendants Dennis Pierson & Tracey Still For Summary Judgment Re: Crossclaim, filed April 25, 2018, is **DENIED**; and it is further

ORDERED that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: June 23, 2021

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:
TAMARA CHARLES
Clerk of the Court

By:
DONNA D. DONOVAN
Court Clerk Supervisor